UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| LaDarriuse A. Gaither, | ) | C/A No. 5:13-cv-02108-JMC-KDW |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Warden of Lee Correctional Institution, | ) | |
| Respondent. | ) | |

Petitioner LaDarriuse A. Gaither is a state prisoner who filed this pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 23, 24. On February 11, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 25. On March 17, 2014, Petitioner filed a response to Respondent's motion styled as a Motion for Judgment on the Pleadings. ECF No. 28. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 23, be granted.

I.     Background

Petitioner is currently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In April 2009, Petitioner was indicted by a York

County Grand Jury for assault and battery with intent to kill (ABWIK), possession of a firearm during the commission of a violent crime, and criminal conspiracy. App. 72-75.[1] On January 25, 2010, Petitioner entered a plea of no contest to the charges as indicted before the Honorable Lee S. Alford. App. 1-16. Attorney Leah Moody represented Petitioner, and Assistant Solicitor Lisa Collins appeared on behalf of the State. App. 1. On January 28, 2010, Petitioner was sentenced to 15 years on the ABWIK charge, 5 years on the firearm charge, and 5 years on the conspiracy charge, all to run concurrently. ECF No. 24 at 2. Petitioner did not file a direct appeal. App. 19.

   II.  Procedural History

On July 27, 2010, Petitioner filed an Application seeking post-conviction relief ("PCR"). App. 18-24. In his Application, Petitioner argued he was entitled to relief on the following grounds:

   (a) Ineffective Assistance of Counsel,
   (b) Violation of constitutional rights, and
   (c) No contest plea was not followed properly.

App. 20. In response, the State filed its Return and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel claim. App. 25-28. On October 11, 2010, an evidentiary hearing was conducted in York County before the Honorable Paul M. Burch. App. 29. At the hearing Petitioner was represented by Frank Lee O'Steen, Esq., while the State was represented by Assistant Attorney General Matthew J. Friedman. *Id.* Petitioner and his former defense attorney, Leah Moody, testified. App. 31-60. On February 9, 2012, the PCR court

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF No. 24-1 in this habeas matter.

issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon his or her credibility. The Court has weighed the testimony accordingly. Set forth below are the relevant findings of fact and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80.

Plea counsel testified that she received a letter from Applicant's co-defendant Victor Williams. In the letter, the co-defendant said he was pressured to give a statement and was willing to help Applicant. Counsel asserted that the co-defendant never said Applicant did not commit these offenses and he changed his story multiple times. She testified that she discussed the co-defendant's statements and his letter with Applicant prior to the plea. Counsel testified that the co-defendant was manipulative and wrote completely different letters to the solicitor. She also testified that she spoke with the co-defendant's attorney, who indicated that the co-defendant's testimony at Applicant's trial would not be favorable to Applicant. Counsel testified that she conducted a thorough investigation, but no alibi witnesses panned out. She testified that no witness could account for Applicant between 7:30 and 9:00. She asserted that she spent more than seventy hours on the case and was prepared for trial. Counsel testified that it was ultimately Applicant's decision to accept the plea offer.

Counsel testified that she subpoenaed booking photos, contacted Applicant's cousin and grandmother, contacted the solicitor, tried to find an alibi witness, was prepared to subpoena phone records, and tried to locate witnesses Brittany Thompson, a neighbor named Leon, J.B. and Buddha. She asserted that Brittany Thompson and Leon did not return her calls and she did not have contact information on J.B. and Buddha. Counsel testified that Applicant's cousin and grandmother placed Applicant with the co-defendant on the day in question. She testified that there was no lineup because no one was arrested at first and the victim was paralyzed and immediately rushed to the hospital. Counsel testified that she told Applicant that the jury would have had sympathy for the victim at trial because he was paralyzed during the shooting. She asserted that Applicant was adamant that he was not there, and she explained the significance of the no contest plea to Applicant. She testified that she explained the consequences of the plea to Applicant and had him sign a plea affidavit.

Applicant testified that he saw the co-defendant's letter to counsel for the first time after the plea. He asserted that he thought the victim had picked him out of a lineup. He testified that the main evidence against him was the co-

3

defendant's statement, and he was not aware of the co-defendant's change of opinion until after the plea. Applicant testified that he did not know the real names and addresses of some of the witnesses that he gave to counsel.

### Ineffective Assistance of Counsel

The Applicant alleges that he received ineffective assistance of counsel. In a post-conviction relief action, the applicant has the burden of proving the allegations in the application. Rule 71.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler, 334 S.E.2d 813.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. 668. The applicant must overcome this presumption in order to receive relief. Cherry, 386 S.E.2d 624.

Courts use a two-pronged test to evaluate allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Id. at 625 (citing Strickland, 466 U.S. 668). Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 625. With respect to guilty plea counsel, the applicant must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 414 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 2d 203 (1985).

This Court finds that Applicant's testimony is not credible with respect to the discussions about the co-defendant's letter and the absence of a photo lineup while also finding that trial counsel's testimony is credible. This Court finds that counsel is a trial practitioner who has extensive experience in the trial of serious offenses. Counsel conferred with the Applicant on several occasions. During conferences with the Applicant, counsel discussed the pending charges, the elements of the charges and what the State was required to prove, Applicant's constitutional rights, and possible defenses or lack thereof.

This Court finds that it was Applicant's decision to accept the plea offer. Applicant indicated during the plea hearing that he understood the nature of the charges and the possible punishments. He also indicated that he was satisfied with

his attorney and that no one has threatened him or promised him anything to accept the plea offer. Applicant told the plea court that he was entering the plea of his own free will. This Court finds that Applicant entered the no contest plea freely and voluntarily with a full understanding of the consequences of the plea.

Regarding Applicant's claims of ineffective assistance of counsel, this Court finds Applicant has failed to meet his burden of proof. This Court finds that counsel demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina. State v. Pendergrass, 270 S.C. 1, 239 S.E.2d 750 (1977); Strickland, 466 U.S. at 668; 286 S.C. 441, 334 S.E.2d 813. This Court further finds counsel adequately conferred with Applicant, conducted a proper investigation, and was thoroughly competent in her representation. This Court finds that counsel's representation did not fall below an objective standard of reasonableness.

This Court finds that counsel properly discussed the co-defendant's multiple statements and letters prior to the plea. This Court is not persuaded by Applicant's testimony that he did not know about the co-defendant's letter until after the plea.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test, specifically that counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that counsel committed either errors or omissions in her representation of the Applicant. The Applicant failed to show that counsel's performance was deficient. This Court also finds the Applicant has failed to prove the second prong of Strickland. Specifically that he was prejudiced by counsel's performance. Applicant's complaints concerning counsel's performance are without merit and are denied and dismissed.

## All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds that Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations before or during his plea or sentencing. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this PCR

> application for post conviction relief must be denied and dismissed with prejudice.

App. 66-70.  Petitioner filed a Notice of Appeal on February 13, 2012.  ECF No. 24-2. Petitioner, represented by Robert M. Pachak of the South Carolina Commission on Indigent Defense, timely filed a *Johnson*[2] Petition for Writ of Certiorari.  ECF No. 24-3.  Petitioner presented one issue and argued: "Whether plea counsel was ineffective in failing to investigate?" *Id.* at 3.    Petitioner filed a pro se response to the *Johnson* Petition on September 21, 2012. ECF No. 24-4.  On December 20, 2012, the South Carolina Court of Appeals denied certiorari. ECF No. 24-5.  The Remittitur was issued on January 9, 2013.  ECF No. 24-6.   Petitioner's habeas Petition was filed on July 25, 2013.[3]  ECF No. 1.

   III.   Discussion

      A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE:  Ineffective assistance of counsel "Counsel failed to investigate case."
>
> Supporting facts:  I did not knowingly or intellingly [sic] enter a Nolo Contendre plea, counsel was ineffective in her presentation of the evidence.  Counsel failed to present me with key evidence thats supportive in my proof of innocence.  A letter that my co-defendant wrote where he stated he was pressured and confused into writing his statements.  Without this letter and the other statements I plea was an uneducated decision, and its a violation of
>
> GROUND TWO:  Ineffective assistance of counsel "counsel failed to challenge constitutional violations."

---

[2] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).
[3] *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).  Although the Petition was docketed as filed on August 6, 2013, the envelope for the Petition reflects it was deposited in the SCDC mailing system on July 25, 2013. ECF No. 1-2.

> Supporting facts: Plea counsel failed to object that I was served an invalid arrest warrant in violation of the fourth amendment. According to the affidavit supporting my arrest warrant, the magistrate was unable to make an independent determination of probable cause. The warrant application was supported by nothing more than a bare bone affidavit. (my arrest is unconstitutional) Trial counsel failed to object that the court was without subject matter jurisdiction to convict me.
>
> GROUND THREE: "No contest plea was not followed properly."
>
> Supporting facts: No contest plea was not followed properly because Judge Alford accepted the plea saying it was freely voluntarily and intelligently. But I have proved threw the Ineffective of my counsel that my decision to plea wasn't intelligently. And that I wasn't freely voluntarily because I plea off of evidence and one of my issues is I wasn't presented all of the evidence that was supportive[.]

ECF No. 1 at 5-8.

    B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C. Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.    Analysis

    A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because the Petition was filed beyond the ADEPA's statute of limitations period. ECF No. 24 at 8. The

8

AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Review of the record indicates Petitioner's federal habeas Petition was not timely filed. As Petitioner did not seek appellate review of his guilty plea or sentence imposed on January 28, 2010, his conviction became final on February 7, 2010, ten days after his sentence was imposed. *See* Rule 203(b)(2), SCACR (stating that in a criminal action a notice of appeal must be served on all respondents within ten days after the sentence is imposed). Petitioner's filing of his PCR Application on July 27, 2010 tolled the AEDPA one-year limitations period, *see* 28 U.S.C. § 2244(d)(2); 169 days had elapsed when Petitioner filed his PCR Application, leaving 195 days within which Petitioner could timely file a federal habeas petition. The statute of limitations period remained tolled until the South Carolina Court of Appeals issued the Remittitur on Petitioner's PCR appeal on January 9, 2013. At that time the one-year limitations period recommenced and 197 days elapsed before Petitioner filed this habeas action on July 25, 2013. *See* ECF No. 1-2. Because Petitioner only had 195 days left to timely file a habeas petition, the July 25, 2013 filing is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

B.  The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329-30

9

(4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)(affirming dismissal of habeas petition filed one day late).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418)).

As a response to Respondent's summary judgment motion, Petitioner filed a Motion for Judgment on the Pleadings. ECF No. 28. In his Motion Petitioner argues that the dismissal of his habeas Petition, based on the statute of limitations in § 2244(d), violates the Suspension Clause. In support of his argument, Petitioner cites to *Swain v. Pressley*, 430 U.S. 372 (1977); *Bilodeau v. Angelone*, 39 F. Supp. 2d 652 (E.D. Va. 1999); and *Breard v. Angelone*, 926 F. Supp. 546 (E.D. Va. 1996). None of these cases provide support for Petitioner's argument.

In *Swain v. Pressley* the petitioner, Swain, questioned whether the district court for District of Columbia could dismiss his application for a writ of habeas corpus based on D.C. Code Ann. § 23-110(g), which Swain argued provided a remedy "not exactly commensurate" with habeas corpus relief available in a district court. *Swain*, 430 U.S. at 379-80. Swain asserted the D.C. statute violated the following portion of the U.S. Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2 ("Suspension Clause"). The Supreme Court held that the D.C. statute was valid and did not suspend the writ of habeas corpus within the meaning of Art. I, § 9, cl. 2. *Swain*, 430 U.S. at 384.

In *Bilodeau v. Angelone*, the petitioner, in an effort to overcome the statute of limitations bar, asked the court to declare that the AEDPA "unconstitutionally suspends habeas corpus relief" in violation of the Suspension Clause. *Bilodeau*, 39 F. Supp. 2d at 655. The court declined, finding that because "section 2244(d) only curbs, but does not eliminate, the availability of federal habeas relief, and since Congress acted within the power granted it by the Constitution . . . the AEDPA limitations period falls within constitutional bounds." *Bilodeau*, 39

11

F. Supp. 2d at 655. The court dismissed Bilodeau's petition, finding that it was barred by the statute of limitations.

In *Breard v. Angelone*, 926 F. Supp. 546, the court held that a new statute, 28 USC § 2263, effective April 24, 1996, violated the Suspension Clause and was unconstitutional as applied to Breard. The new statute required applications for habeas relief in capital cases to be filed "not later than 180 days after final State court affirmance of the conviction and sentence on direct review." The court found "that § 2263 infringes on the privilege of habeas corpus in this case because prior to its passage, the petitioner would not have been time barred, yet upon its passage he was *immediately* time barred; the statute provides for no safe harbor or special exception." *Breard*, 926 F. Supp. at 547 (emphasis in original).

Here, Petitioner asks the court to "address whether my Petition which is one day old justifies or whether court will rule I was negligent when my Petition was late by one day and seriously doubt it is, and cite mailbox rule as date it was given too [sic] prison officials for mailing." ECF 28 at 2. Petitioner contends that because he pleaded guilty he cannot assert a "claim of actual innocence," and if he is barred by the statute of limitations he has "no other avenue of relief." *Id.* Petitioner argues that "without what the *Breard* court characterizes as a 'safe harbor'" the statute of limitations renders the habeas corpus process inadequate to test the legality of his conviction and constitutes a prohibited suspension of the writ.

As set forth above, the issue facing the petitioner in *Breard* is distinguishable from Petitioner's situation. Here, the court's application of the one-year statute of limitations as set forth in § 2254(d) does not violate the Suspension Clause and is not unconstitutional as applied to Petitioner. Furthermore, the undersigned notes that a late-filed habeas petition may still be reviewed by this court if the petitioner demonstrates exceptional or extraordinary circumstances

that prevented timely filing of the petition. *Holland*, 560 U.S. at 649. Petitioner has not provided any explanation as to why he was unable to timely file his habeas Petition and, therefore, has not demonstrated "exceptional or extraordinary" circumstances beyond his control that would justify equitable tolling of the AEDPA statute of limitations.[4]

V.     Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 23, be GRANTED and the Petition be DENIED. If the court accepts this recommendation, Petitioner's Motion for Judgment on the Pleadings, ECF No. 29, would be moot.

IT IS SO RECOMMENDED.

April 4, 2014                                                                  Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).