# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| LaDarriuse A. Gaither, ) | |
| ) | Civil Action No. 5:13-cv-02108-JMC |
| Petitioner, ) | |
| ) | |
| v.   ) | **ORDER AND OPINION** |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on the magistrate judge's Report and Recommendation ("Report"), (ECF No. 31), regarding *pro se* Petitioner LaDarriuse A. Gaither's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254. The Report, filed on April 4, 2014, recommends that the court grant Respondent Warden of Lee Correctional Institution's ("Respondent") Motion for Summary Judgment (ECF No. 23) and deny Petitioner's Petition. This review considers Petitioner's Objections to the Report ("Objections"), (ECF No. 35), filed April 25, 2014. For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report, **GRANTS** Respondent's Motion, and **DENIES** the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a recitation of the relevant facts and procedural history is warranted.

Petitioner is currently incarcerated at the Kershaw Correctional Institution, after a transfer from Lee Correctional Institution. (ECF No. 40.) In April 2009, Petitioner entered a plea of no contest before the Honorable Lee S. Alford to a York County Grand Jury indictment for assault

1

and battery with intent to kill, possession of a firearm during the commission of a violent crime, and criminal conspiracy. (ECF No. 31 at 1-2.) On January 28, 2010, Petitioner was sentenced to 15 years for the assault and battery with intent to kill charge, 5 years for the possession of a firearm charge, and 5 years for the criminal conspiracy charge, to run concurrently. *Id.* at 2. As Petitioner did not file a direct appeal, his conviction became final on February 7, 2010, pursuant to Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). *Id.* at 2, 9.

On July 27, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR"), claiming relief on the grounds of "(a) Ineffective Assistance of Counsel, (b) Violation of Constitutional Rights, (and) (c) No contest plea was not followed properly." (ECF No. 24-1 at 22.) An evidentiary hearing was held on October 11, 2010, at the request of the State, before the Honorable Paul M. Burch in York County. *Id.* at 30-29. The PCR court denied Petitioner relief on February 9, 2012, to which Petitioner filed Notice of Appeal on February 13, 2012. (ECF No. 31 at 2, 6.) With the assistance of counsel, Petitioner timely filed a *Johnson*[1] Petition for Writ of Certiorari on August 3, 2012, and filed a *pro se* brief supporting the Petition on September 21, 2012. (ECF Nos. 24-3, 24-4.) The Supreme Court of South Carolina denied certiorari on December 20, 2012, and issued the Remittitur on January 9, 2013. (ECF Nos. 24-5, 24-6.)

Petitioner filed his Petition for Writ of Habeas Corpus on July 25, 2013. (ECF No. 1 at 14.) On February 10, 2014, Respondent filed a Motion for Summary Judgment, asking the Petition to be summarily dismissed as it was time-barred. (ECF Nos. 23, 24.) Petitioner filed a

---

[1] The Supreme Court of South Carolina "approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California,* 386 U.S. 738 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." *Johnson v. State,* 294 S.C. 310, 310 (1988).

response in opposition to Respondent's Motion and a Motion for Judgment on the Pleadings on March 17, 2014. (ECF Nos. 28, 29.)

The magistrate judge issued the Report on April 4, 2014, recommending Respondent's Motion for Summary Judgment be granted and the Petition be denied. (ECF No. 31 at 13.) The magistrate judge concluded the Petition was not timely filed, as it was filed 366 days from the date Petitioner's conviction became final, not including the period of time from the date Petitioner's PCR Application was filed until the Supreme Court of South Carolina issued the Remittitur, during which the statute of limitations remained tolled. *Id.* at 9. As the magistrate judge found the petition to be procedurally barred, she was precluded from addressing the merits of the claim. *Id.* at 13.

Petitioner filed his Objections on April 25, 2014. (ECF No. 35.)

## STANDARD OF REVIEW

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

## ANALYSIS

In this case, Petitioner's Objections lack the requisite specificity required by Federal Rule

3

of Civil Procedure 72(b). In his Objections, Petitioner states an argument that is virtually identical to the argument in his response to Respondent's Motion for Summary Judgment. Since Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court does not find clear error and accepts the Report by the magistrate judge. As the Report notes, the statute of limitations is subject to equitable tolling, which could extend the final date by which the Petition must be filed. (ECF No. 31 at 9.) As Petitioner did not demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time" (ECF No. 31 at 10, citing *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003)) to establish he was entitled to equitable tolling of his Petition, but merely repeated his previous argument that he had filed on time without providing any support to his assertion, the magistrate judge properly found the Petition to be time-barred.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 31). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 23) is **GRANTED** and Petitioner's Petition (ECF No. 1) is **DENIED**. Petitioner's Motion for Judgment on the Pleadings (ECF No. 29) is thereby rendered moot.

**IT IS SO ORDERED.**

                                                United States District Judge

August 19, 2014
Columbia, South Carolina

5